UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60318-CIV-DIMITROULEAS

JORGE I. MON and MARIA E. MON,

    Plaintiffs,

v.

AMERICAN ZURICH INSURANCE COMPANY,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE is before the Court on Defendant's Response to Second Order to Show Cause, filed February 25, 2022. [DE 9]. The Court has considered the Response and is otherwise fully advised in the premises.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). It is the removing defendant's burden to establish federal jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

Under §1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).

In its Notice of Removal, Defendant asserted that the amount in controversy exceeds $75,000, citing to a detailed estimate prepared by Master Claims dated December 8, 2020 (the

"Estimate"), which totals $78,607.01, and noted that Plaintiffs are also seeking attorneys' fees. *See* [DE 1]; [DE 1, 1-2 at p.16]. The Court entered an Order to Show Cause, stating that the Court cannot discern, and neither Defendant nor Plaintiffs allege, whether this is the actual amount in controversy when taking into consideration the hurricane deductible in the homeowner's insurance contract, which the Court had noted is often a different and higher amount. *See* [DE 6].

Defendant's first Response to Order to Show Cause [DE 7] stated that the Policy contains a 3% windstorm percentage deductible. *See* [DE 7-1 at p. 4]. Defendant purported to apply this percentage to Plaintiffs' claimed damages estimate of $78,607.01 and stated as follows:

> Applying the Policy's 3% windstorm percentage deductible to the claimed damages ($78,607.01) yields a deductible amount of $2,358.21. As such, if we deduct this amount ($2,358.21) from the claimed damages ($78,607.01), this leaves a damage claim of $76,248.80, *i.e.*, above the Court's $75,000 jurisdictional threshold.

*See* [DE 7 at p. 2].

The Court entered a Second Order to Show Cause on February 18, 2022, expressing concern over both Defendant's assertion regarding the claimed damages in the Complaint and over its general reference to attorneys' fees being insufficient. Regarding the damages, the Court explained:

> It is not apparent why Defendant is applying the 3% windstorm percentage deductible to the claimed damages of $78,607.01, rather than applying it to the $272,000 value for existing buildings or structures on the Declarations page of the insurance policy. If the 3% windstorm percentage deductible is instead applied to that value, the deductible is $8,160, making the amount in controversy less that the Court's $75,000 jurisdictional threshold.

*See* [DE 8] at p. 2. Further, regarding attorney fees in determining the amount in controversy, the Court reiterated what it has stated in its initial Order to Show Cause:

> Lastly, this Court has adopted the position that because federal jurisdiction is determined at the time of removal, the Court looks only to the amount of attorneys' fees incurred at the time of removal in determining the amount in controversy. *See, e.g., Brown v. Wendy's Int'l, LLC*, No. 6:21-CV-449-WWB-LRH, 2021 WL 2886078, at *3 (M.D. Fla. July 9, 2021) ("While the question of whether attorney's fees should be calculated at the time of removal or trial has not been considered by the Eleventh Circuit, 'the trend of Florida courts considering this question have ... includ[ed] only fees accrued at the time of removal in calculating the amount in controversy.'") (citation omitted). Defendant has not provided any information regarding the amount of Plaintiffs' pre-removal attorney's fees, and there is no basis to find that the amount of Plaintiffs' pre-removal attorneys' fees could satisfy the jurisdictional minimum.

*See* [DE 6] at p. 3; [DE 8] at p. 2. The Court also stated in its Second Order to Show Cause regarding Plaintiff's pre-removal attorneys' fees that:

> Defendant's Response to Order to Show Cause does not come close to meeting its burden regarding the amount of Plaintiffs' pre-removal attorneys' fees for purposes of satisfying the jurisdictional minimum, stating only: "Additionally, as mentioned in American Zurich's Notice of Removal, Plaintiffs' counsel is also seeking attorneys' fees and costs in this action." *See* [DE 7] at p. 2.

Defendant's Second Response to Order to Show Cause [DE 9] fails to satisfy the Court's concerns raised in the Second Order to Show Cause as to whether Defendant has failed to meet its burden regarding the amount in controversy requirement for purposes of removal of this action to federal court. Defendant does not meaningfully dispute that the 3% windstorm percentage deductible is applied to the $272,000 value for existing buildings or structures on the Declarations page of the insurance policy. Its reference to the Plaintiffs' February 2, 2021 Sworn Statement in Proof of Loss submitted during the claims process listing the policy's deductible as $1,500 is insufficient to demonstrate that Plaintiffs are taking the position in the instant litigation that the policy's 3% windstorm percentage deductible does not apply to their hurricane claim. There is also nothing in Defendant's reliance on a demand letter for $97,000, without any specifics to support that claim, that comes close to meeting Defendant's burden regarding the

amount of Plaintiffs' pre-removal attorneys' fees for purposes of satisfying the jurisdictional minimum.

Based on the foregoing, it is not apparent that this Court has subject matter jurisdiction over Plaintiffs' claim pursuant to 28 U.S.C. § 1332(a). Defendant has failed to carry its burden to show this case meets the amount-in-controversy requirement. The Court shall remand for lack of subject-matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk is directed to **REMAND** this case to state court;

2. The Clerk is further directed to **CLOSE** this case and to **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 8th day of March, 2022.

*[Signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record